T.C. Summary Opinion 2004-66


UNITED STATES TAX COURT


ROMAN G. SATKO, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 12427-02S.              Filed May 14, 2004.


Roman G. Satko, pro se.

<u>John W. Stevens</u>, for respondent.


DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time that the petition was filed.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined for 1999 a deficiency in petitioner's Federal income tax of $658. The issue for decision is whether $2,326.33 of interest distributed to petitioner from the Prudential Life Insurance Company is taxable as income to petitioner.

### Background

The stipulation of facts and the exhibits received into evidence are incorporated herein by reference. Petitioner resided in Warren, Michigan, at the time the petition in this case was filed.

In 1985, petitioner purchased a "variable/appreciable policy" (VAP) from the Prudential Life Insurance Company (Prudential). Petitioner believed it was an investment vehicle through which he could fund his retirement. At the time he purchased the VAP, petitioner also had an existing life insurance policy with Prudential. Petitioner agreed to have the premiums for the VAP paid through loans against the cash value of his existing life insurance policy and from investment earnings derived from the VAP.

The VAP premiums, totaling $4,647.83, were paid by loans taken from the cash value of the life insurance policy. By 1987, the cash value of the life insurance policy had been borrowed in full. Petitioner was unemployed and unable to pay the premiums on the VAP which caused the policy to lapse.

In 1998, a class action lawsuit was initiated against Prudential for misleading its clients about the VAP policies. Petitioner received a settlement in the amount of $6,974.16.

Prudential issued petitioner a Form 1099-R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc., reporting the $6,974.16 payment. Of this amount, $4,647.83 constitutes a return of petitioner's premiums. The Form 1099-R indicates that the remaining $2,326.33 is a taxable amount.

Petitioner timely filed a Form 1040, U.S. Individual Income Tax Return, for tax year 1999, claiming the standard deduction. On his Schedule B, Interest and Ordinary Dividends, petitioner reported $2,326.33 of interest from the Prudential settlement. On that same schedule, petitioner subtracted the $2,326.33 from the subtotal as an "adjustment".

## Discussion

The Commissioner's determinations in the notice of deficiency are presumed correct, and generally, taxpayers bear the burden of proving that the Commissioner's determination of income tax deficiencies is incorrect. Welch v. Helvering, 290 U.S. 111, 115 (1933). Section 7491 was added under the Internal Revenue Service Restructuring & Reform Act of 1998, Pub. L. 105-206, sec. 3001, 112 Stat. 685, 726. If certain requirements of section 7491 are met, the burden of proof with respect to factual

issues relevant to ascertaining the tax liability of the taxpayer may shift to the Commissioner. See Higbee v. Commissioner, 116 T.C. 438, 442-443 (2001). Because the issue in this case is a question of law, section 7491 is inapplicable, and the Court decides the issue without regard to the burden of proof.

In general, with exceptions not applicable here, any amount which is received under a life insurance contract before the annuity starting date and which is not received as an annuity is included in gross income to the extent it exceeds the investment in the contract. Sec. 72(e)(1)(A), (5)(A), (C). The investment in the contract is defined generally as the aggregate amount of premiums or other consideration paid for the contract less aggregate amounts previously received under the contract, to the extent they were excludable from gross income. Sec. 72(e)(6).

The insurance premiums petitioner paid for the policy were returned to him through the settlement. Petitioner does not deny that the additional $2,326.33 is interest or that he received such an amount. Indeed, he refers to it as "relief interest".

Petitioner contends that he paid $3,404.25 in interest on the loans made against the cash value of his Prudential life insurance policy, and that he incurred a loss of $1,077.92 on the overall transaction. He argues that since he sustained a loss on the overall transaction, there cannot be any income attributed to him. The Court interprets petitioner's argument to be that if

the distribution pertaining to the VAP policy is taxable, then the interest incurred on the borrowed funds is investment interest which should be netted against the interest income petitioner received via the settlement.

Section 163(a) generally allows as an interest deduction all interest paid or accrued within the taxable year on indebtedness. Section 163(d)(1), however, limits a noncorporate taxpayer's deduction for investment interest to "the net investment income of the taxpayer for the taxable year".  Furthermore, section 163(d)(2) allows the taxpayer to carry forward any investment interest expense disallowed under the general limitation for the taxable year and deduct it as an investment expense paid or accrued in the succeeding taxable year to the extent that the taxpayer has net investment income in that year.

Section 163(d)(4)(A) defines "net investment income" as the excess of investment income over investment expenses.  Investment income includes interest, dividends, annuities, or royalties not derived in the ordinary course of a trade or business.  Secs. 163(d)(5)(A)(i), 469(e)(1).

Petitioner would have to have investment interest expenses incurred in or carried forward to 1999 in order to have something to offset against the interest income he received from the 1999 settlement.  A "Statement of Policy Loan" from Prudential to petitioner shows that petitioner made an interest payment of

$13.12 in 1986.  Petitioner did not make any other interest payments until July of 2000 when unpaid interest of $4,904.69 was paid.  Petitioner's inability to document any interest he paid on the loans against his life insurance policy up to or during tax year 1999 precludes a deduction for investment interest for 1999. Furthermore, an interest deduction here would provide no benefit for petitioner because it is less than the standard deduction amount.  Greenspun v. Commissioner, 72 T.C. 931, 949 n.20 (1979), affd. 670 F.2d 123 (9th Cir. 1982).

Petitioner has not presented any evidence which would demonstrate that the interest he received in the settlement is not income to him.  Thus, respondent's determination is sustained.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

Decision will be entered

for respondent.